33844. QUIRE et al. v. CLAYTON COUNTY
DEPARTMENT OF FAMILY & CHILDREN
SERVICES.

UNDERCOFLER, Presiding Justice.

This case presents the question whether the venue section, Code Ann. § 24A-1101, of the Juvenile Court Code of Georgia, Ga. L. 1971, p. 709 et seq., as amended, is in conflict with the general venue provisions of the Georgia Constitution, Ga. Const. 1976, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306).[1] The trial court upheld the constitutionality of the venue statute and we granted an interlocutory appeal. We reverse. Where the proceeding involves only the termination of parental rights, the parents have the constitutional right to defend such a suit in the county in which they reside. Code Ann. § 2-4306, supra.

W.C.Q. was born in Fulton County to Jewell and Steve Quire in October, 1972. His father then gave him to the maternal grandmother in Clayton County to care for while his mother was in the hospital. Shortly thereafter the mother consented to temporary custody in the Clayton County Department of Family & Children Services (DFCS), which had initiated deprivation proceedings to acquire the child because of mistreatment by the grandparents. In November, 1975, both parents signed releases for W.C.Q.'s adoption, but the father later petitioned to regain custody of the child. This action was continued pending a home investigation of the parents by

---

[1] "All other civil cases shall be tried in the county where the defendant resides; and all criminal cases shall be tried in the county where the crime was committed, except cases in the Superior Courts where the Judge is satisfied that an impartial jury cannot be obtained in such county."

the Fulton County DFCS, and custody remained in the Clayton County DFCS. Clayton County DFCS then brought this petition to terminate the Quires' parental rights in the Juvenile Court of Clayton County. The parents, Fulton County residents, raised the venue provisions of the Constitution as a defense.

The jurisdiction of the juvenile courts is multifaceted. They have exclusive jurisdiction of the delinquent,[2] unruly, deprived or mentally ill or retarded child as well as juvenile traffic offenders. In addition, proceedings wherein judicial consent, the Interstate Compact on Juveniles, or termination of parental rights[3] are involved must be initiated in this court. The juvenile court and the superior court have concurrent jurisdiction of delinquent acts which constitute capital felonies, but the juvenile court may consider questions of custody only if such issues are transferred to it from the superior court. Code Ann. § 24A-301. Venue is set out in Code Ann. § 24A-1101: "A proceeding under this Code [Title 24A] may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred. If deprivation is alleged, the proceeding may be brought in the county in which the child is present when it is commenced. . ."

The state argues on behalf of the Clayton County DFCS that since In re Gault, 387 U. S. 1 (1966), *all* proceedings in the juvenile court are quasi-criminal in nature, although they retain a civil status. Therefore, it concludes, the criminal venue provision applies and suit may be brought in the juvenile court wherever the acts, here those acts on which the termination is grounded, were committed. Code Ann. § 2-4306, supra. We disagree.

---

[2]Where the act would otherwise be a capital felony, the superior court has concurrent jurisdiction.

[3]If termination is in connection with adoption proceedings, the superior court has jurisdiction to terminate parental rights and any rights of the putative father.

Although some of the proceedings in juvenile court are of a criminal character, all are not. We do not find that the termination of parental rights falls in the quasi-criminal area. For those that do, delinquency, unruliness and juvenile traffic offenses,[4] the venue provisions of the juvenile code and the State Constitution, that venue lies in the county in which the act was committed,[5] are in accord. *M. E. B. v. State of Ga.,* 230 Ga. 154 (195 SE2d 891) (1973).

Having concluded that delinquency, unruliness and traffic offender proceedings are quasi-criminal in nature[6] and that the other proceedings under the juvenile court's jurisdiction are not, the criminal venue provisions cannot justify bringing this termination of parental rights action in Clayton County when the parents are Fulton County residents. Exceptions to the general civil provision that all civil cases must be tried where the defendant resides, Code Ann. § 2-4306, supra, are divorce, title to land, equity, or where there are joint defendants residing in different counties. Ga. Const. 1976, Art. VI, Sec. XIV, Pars. I-V; Code Ann. §§ 2-4301—2-4305. The termination of parental rights does not fall under any of these categories, and, therefore, must be tried in the county of the parents' residence. We find this ruling conforms generally to the public policy considerations set out in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977).

---

[4] Traffic offenses are covered in Code Ann. § 24A-3101 and are treated separately from delinquency proceedings unless an appropriate petition is filed. However, venue is where the violation occurred, with transfer under Code Ann. § 24A-1201. (See n. 5, infra.)

[5] Code Ann. § 24A-1201 provides for the transfer of these proceedings to the juvenile's county of residence for disposition after adjudication in the county in which the act occurred.

[6] We also point out here that the state's reliance on *Sanchez v. Walker County Dept. of Family & Children Services,* 237 Ga. 406 (229 SE2d 66) (1976) (deprivation proceeding) and *Nix v. Dept. of Human Resources,* 236 Ga. 794 (225 SE2d 306) (1976) (termination) is misplaced.

The state's argument that the Quires have waived their right to object to venue in Clayton County has no merit. Their appearance in the deprivation suit cannot have the effect of waiving their right to object to improper venue in a separate termination suit.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 21, 1978 — DECIDED SEPTEMBER 6, 1978.

*Baer & Kirbo, Samuel H. Kirbo,* for appellant.

*Watson, Brown, Foster & Murphy, Larry A. Foster, Robert Dotson, Darrell Hopson, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.

---

There, the parties were granted all the benefits of a criminal proceeding—a free transcript and procedural safeguards—not because the proceedings were quasi-criminal, but because the statutory scheme itself manifests a legislative intent to afford such protections since the rights involved are so important.