62679. IN THE INTEREST OF C. R.

POPE, Judge.

On March 31, 1981 a petition in the interest of C. R., a two-year-old child, was filed in the Juvenile Court of DeKalb County pursuant to the Juvenile Court Code of Georgia (hereinafter JCC), Code Ann. Title 24A. The petition alleged that the child and his parents were residents of Clarke County, Georgia, but that at the time the petition was filed, the child was at the Henrietta Egleston Hospital for Children located in DeKalb County. The petition further alleged that the child was in urgent need of an operation and related blood transfusions to which the child's parents had refused to consent. The petition sought an order declaring the child deprived and the appointment of the DeKalb County Department of Family and Children Services (hereinafter DFCS) as temporary custodian of the child with authority to consent to such surgery and blood transfusions as were needed by the child. See Code Ann. § 24A-2301.

The court appointed a guardian ad litem to represent the interests of the child (Code Ann. § 24A-3301) and ordered the matter set down for a detentional hearing on April 1, 1981. Following the detentional hearing DFCS was given temporary custody of the child pending an adjudicatory hearing. The adjudicatory hearing was held on April 14, 1981. Following that hearing the juvenile court found that the child and his parents were residents of Clarke County, although all had been physically present in DeKalb County when the petition had been filed. On its own motion the juvenile court dismissed the petition because it lacked personal jurisdiction over the child and the parents "because venue [was] improperly laid in DeKalb County when it should have been in Clarke County." This appeal challenges the correctness of that order.

In finding that venue was not proper in DeKalb County, the juvenile court relied upon *Quire v. Clayton County DFCS,* 242 Ga. 85 (249 SE2d 538) (1978), and *Giles v. State of Ga.,* 123 Ga. App. 700 (182

SE2d 140) (1971).[1] The issue presented in *Quire* was whether the venue provision of the JCC (Code Ann. § 24A-1101) conflicted with the general venue provision of the Constitution of Georgia of 1976, Art. I, Sec. XIV, Par. VI (Code Ann. § 2-4306). At the time *Quire* was decided in 1978 the foregoing venue provision provided, except in certain cases as otherwise provided in our state constitution: "All other civil cases shall be tried in the county where the defendant resides . . ." The venue provision of the JCC provides that a proceeding brought thereunder "may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred. If deprivation is alleged, the proceeding may be brought in the county in which the child is present when it is commenced . . ." Code Ann. § 24A-1101. In *Quire,* supra at 85, our Supreme Court held: "Where the proceeding involves only the termination of parental rights, the parents have the constitutional right to defend such a suit in the county in which they reside." In other words, Code Ann. § 24A-1101 was held to be unconstitutional insofar as it purported to allow a termination-of-parental-rights proceeding under the JCC to be brought in the county in which the child resides,[2] since parents who are residents of Georgia had a state constitutional right to be sued in the county of their residence.[3] *In the Interest of M. A. C.,* 244 Ga. 645 (2) (261 SE2d 590) (1979).

However, the decision in *Quire* is distinguishable from the case

---

[1] The decision in *Giles,* supra, is obsolete since it was founded upon a juvenile court statute which has since been repealed in its entirety. Code Ann. § 24A-4001. Therefore, *Giles* provides no precedent to be followed in the case at bar. See *Frazier v. Southern R. Co.,* 200 Ga. 590, 596 (37 SE2d 774) (1946).

[2] Although held to be unconstitutional as applied to the facts in *Quire,* Code Ann. § 24A-1101 was not held to be unconstitutional per se. See *In the Interest of M. A. C.,* infra; *G. S. K. v. State of Ga.,* infra; see also *Sorrells v. Sorrells,* 247 Ga. 9 (2) (274 SE2d 314) (1981).

[3] The general venue provision of our state constitution which was in effect when *Quire* was decided has been amended and now provides: "All other civil cases, *except juvenile court cases as may otherwise be provided by the Juvenile Court Code of Georgia,* shall be tried in the county where the defendant resides . . ." (Emphasis supplied to language added by the amendment.) Code Ann. § 2-4306. The amendment was ratified by the people of this state on November 4, 1980 and is applicable to the case at bar. See Ga. L. 1980, p. 2174; see also Ga. Const. 1976, Art. XII, Sec. I, Par. IV (Code Ann. § 2-6904). Since proceedings to terminate parental rights are provided by the JCC (except in cases of adoption), what effect, if any, does the foregoing amendment have on the continuing vitality of the decision in *Quire?* Because the case at bar is factually distinguishable from *Quire,* we do not address this question in this appeal.

at bar. The parents' constitutional right to defend a termination-of-parental-rights suit in the county in which they reside applies to a proceeding involving *only* the termination of parental rights. *Chandler v. Cochran,* 247 Ga. 184 (1) (275 SE2d 23) (1981). The petition in the case at bar sought a *temporary* change in the legal custody of the child pursuant to Code Ann. § 24A-2301 and did not involve the termination of parental rights pursuant to Code Ann. Ch. 24A-32. Accordingly, there is no constitutional mandate that the instant proceeding be commenced in the county in which C. R.'s parents reside. Moreover, while parents are parties to juvenile court proceedings, they are not defendants in proceedings such as the one in the case at bar. See *D. C. A. v. State of Ga.,* 135 Ga. App. 234 (1) (217 SE2d 470) (1975). To apply the holding in *Quire* to deprivation proceedings such as the case at bar would thwart the legislative policy of making the best interests of the child the paramount consideration, for to require such proceedings to be commenced in the potentially far-off county of the parent's residence in a life-or-death situation necessarily engenders a life-threatening delay which makes neither good sense nor sound law.

As noted previously, the JCC provides that a petition alleging deprivation may be brought in the county in which the child is present when the proceeding is commenced. Code Ann. § 24A-1101. Since the petition in this case alleged deprivation and since C. R. was physically present in DeKalb County when the proceeding was commenced, venue was proper in DeKalb County. *In the Interest of M. A. C.,* supra; see also *G. S. K. v. State of Ga.,* 147 Ga. App. 571 (1) (249 SE2d 671) (1978). Therefore, the judgment of the juvenile court is reversed and this case is remanded for a hearing on the merits.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 11, 1982.

*Joseph R. Bankoff, J. Kevin Buster,* for appellant.
Sanders Raysin, *pro se.*
Annie R. Raysin, *pro se.*
*Michael J. Bowers, Attorney General, Roberts S. Stubbs, Executive Assistant Attorney General, H. Perry Michael, Carol Atha Cosgrove, Senior Assistant Attorneys General, Vivian Davidson Egan, Assistant Attorney General,* for appellee.