(175 SE2d 657) (1970).

38358. In the Interest of R. A. S.

Weltner, Justice.

On May 1, 1981 the Georgia Department of Human Resources (the Department), acting by and through the DeKalb County Department of Family and Children Services, filed a petition to terminate the parental rights of appellee, the mother of R. A. S., in the Juvenile Court of DeKalb County, Georgia, the county in which the child was present at the time the action began. Appellee moved to dismiss the petition for want of venue, contending that she was a resident of Gwinnett County. Citing the decision of this court in *Quire v. Clayton County Dept. of Family & Children Servs.,* 242 Ga. 85 (249 SE2d 538) (1978), the Juvenile Court of DeKalb County dismissed the petition, stating that venue was in Gwinnett County.

The Department urges venue in DeKalb County under the provisions of Code Ann. § 24A-1101: "A proceeding under this Code [Title 24A] may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred. *If deprivation is alleged, the proceeding may be brought in the county in which the child is present when it is commenced*; . . ." (Emphasis supplied.)

In *Quire,* supra, we held that where the proceeding involves only the termination of parental rights, the parents have the constitutional right to defend such a suit in the county in which they reside, citing Ga. Const. 1976, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306).[1] Observing that the jurisdiction of the juvenile courts includes cases criminal in nature and cases civil in nature, we concluded: "We do not find that the termination of parental rights falls in the quasi-criminal area. For those that do, delinquency, unruliness and juvenile traffic offenses, the venue provisions of the juvenile code and the State Constitution, that venue lies in the county in which the act was committed, are in accord. . . . Having concluded that delinquency, unruliness and traffic offender proceedings are

---

[1] "All other civil cases shall be tried in the county where the defendant resides, and all criminal cases shall be tried in the county where the crime was committed, except cases in the Superior Courts where the Judge is satisfied that an impartial jury cannot be obtained in such county."

quasi-criminal in nature and that the other proceedings under the juvenile court's jurisdiction are not, the criminal venue provisions cannot justify bringing this termination of parental rights action in Clayton County when the parents are Fulton County residents." 242 Ga. at 87.

Subsequent to our decision in *Quire,* the Georgia General Assembly adopted a proposed constitutional amendment which rewrote Art. VI, Sec. XIV, Par. VI as follows: "All other civil cases, except juvenile court cases as may otherwise be provided by the Juvenile Court Code of Georgia, shall be tried in the county where the defendant resides, and all criminal cases shall be tried in the county where the crime was committed, except cases in the Superior Courts where the Judge is satisfied that an impartial jury cannot be obtained in such county." Ga. L. 1980, p. 2174. The amendment was ratified by the people and became effective on January 1, 1981. Ga. Const. 1976, Art. XII, Sec. I, Par. IV (Code Ann. § 2-6904). The Department contends that this provision removed any constitutional impediment to the application of Code Ann. § 24A-1101 to termination proceedings, and that the juvenile court erred in dismissing the petition filed in DeKalb County.

It is well settled law in this State that "[t]he time with reference to which the constitutionality of an act of the General Assembly is to be determined is the date of its passage, and if it is unconstitutional then, it is forever void." *Jones v. McCaskill,* 112 Ga. 453, 456 (37 SE 724) (1900). " 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.' " *Herrington v. State,* 103 Ga. 318, 320 (29 SE 931) (1898), quoting Norton v. Shelby County, 118 U. S. 425, 442 (6 SC 1121, 30 LE 178) (1886). It follows that once a statute is declared unconstitutional and void, it cannot be saved by a subsequent statutory amendment, as there is, in legal contemplation, nothing to amend. *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738) (1960). Nor can a void statute be revived by a subsequent constitutional amendment. *Jamison v. City of Atlanta,* 225 Ga. 51 (165 SE2d 647) (1969). Similarly, where a statute is held to be unconstitutional and void in part, a subsequent constitutional amendment cannot revive the void portion. *Commrs. of Rds. & Revenues v. Davis,* 213 Ga. 792 (102 SE2d 180) (1958). For an illuminating treatment of this area of our law see Sentell, *Unconstitutionality in Georgia: Problems of Nothing,* 8 Ga. L. Rev. 101 (1973).

While reaffirming these principles, we conclude that the case before us today is distinguishable. In *Quire,* supra, we did not hold Code Ann. § 24A-1101 to be unconstitutional in whole or in part. We

merely held that that statute could not be constitutionally *applied* to termination proceedings where the county in which the child was present when the action commenced was not the county of the parents' residence.[2] The recent revision of Ga. Const. 1976, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306) had the effect of removing any constitutional impediment to the application of Code Ann. § 24A-1101 to cases such as the one now before us. Thus there is no longer any obstacle to the application of Code Ann. § 24A-1101 to termination proceedings, and the juvenile court erred in dismissing the petition below on the ground of improper venue. See 16 AmJur2d, Constitutional Law, § 259; People ex rel. McClelland v. Roberts, 148 N. Y. 360 (42 NE 1082) (1896).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Michael J. Bowers, Attorney General, Vivian Davidson Egan, Assistant Attorney General,* for appellant.
*Platon P. Constantinides, Linda Pace,* for appellee.

---

[2] After our decision in *Quire,* we held that a deprivation proceeding could be brought in the county in which the child was present when it was commenced, under Code Ann. § 24A-1101, where the only known parent was not a resident of Georgia. *In the Interest of M. A. C.,* 244 Ga. 645 (2) (261 SE2d 590) (1979).