## 64427. IN THE INTEREST OF S. H. AND I. W.

BANKE, Judge.

This appeal is from an order of the Juvenile Court of Chatham County termininating the appellant's parental rights in her two children based on a determination that they are deprived. The order and the transcript show that the appellant was present at the hearing with her attorneys. She contends on appeal that the verdict is unsupported by the evidence and that the court's order recites no factual findings concerning venue and jurisdiction over her person. *Held:*

1. "A proceeding under this Code [Title 24A] may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred. If deprivation is alleged, the proceeding may be brought in the county in which the child is present." Code Ann. § 24A-1101. The appellant relies upon *Quire v. Clayton County DFCS,* 242 Ga. 85 (249 SE2d 538) (1978), in support of her counterclaim that an action to terminate parental rights must be brought in the county of the parents' residence. However, since the *Quire* decision, the Georgia Constitution was revised to allow venue in juvenile court cases to be determined by the juvenile court code quoted above. See Ga. L. 1980, p. 2174, effective January 1, 1981. See also *In the Interest of R. A. S.,* 249 Ga. 236 (290 SE2d 34) (1982). This enumeration of error is without merit.

2. The evidence before the trial court authorized its findings that the appellant is a paranoid schizophrenic whose children have been in foster care homes virtually their entire lives. Her own life is unstable and complicated by frequent changes in residence because of being evicted. She requires the assistance of the Adult Protective Services Unit of the Department of Family and Children Services in order to be clothed, fed, and housed. The evidence is sufficient to establish the appellant's mental incapability to care for the children. See generally, *Chancey v. DHR,* 156 Ga. App. 338 (274 SE2d 728) (1980).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1982.

*David E. Zeigler, George A. Zettler,* for appellant.
*Michael J. Bowers, Attorney General, Vivian D. Egan, Assistant*

Attorney General, Carol Atha Cosgrove, Senior Assistant Attorney General, Edith J. Gilbert, Special Assistant Attorney General, for appellee.