A94A1639. IN THE INTEREST OF A. M. C., a child.

(446 SE2d 760)

BIRDSONG, Presiding Judge.

This is an appeal by A. M. C. of her judgment of conviction of the status offense of unruliness. OCGA § 15-11-2 (11), (12). The petition of unruly conduct avers that A. M. C., being in the custody and control of the Department of Family & Children Services in Gwinnett County was unruly in that she did leave her place of residence without permission and failed to return and is therefore considered to be a runaway.

A. M. C. and four other girls surreptitiously exited a rest room at a movie theatre and fled from the custody of DFCS staff personnel who were awaiting them outside the facility. The complaint filed in juvenile court reflects that the movie theatre (offense situs) was a strip shopping center in Covington, Georgia. We take judicial notice that Covington, Georgia, is not located in Gwinnett County, but that Lawrenceville, Georgia, is so located. See Collins v. State, 172 Ga. App. 100 (2) (321 SE2d 823). At the time of the offense, A. M. C. was in legal custody of DFCS of Gwinnett County but residing in a DFCS shelter home in Conyers, Georgia, located in Rockdale County. The mother and father of A. M. C. resided in Norcross and Lilburn, Gwinnett County, Georgia, respectively. At the hearing, A. M. C., who was represented by an appointed counsel/guardian ad litem, admitted to being a runaway. The office of the counsel/guardian ad litem is in Lawrenceville.

At the hearing, appellant made a motion to dismiss based on a claim of improper venue and the Juvenile Court of Gwinnett County in effect denied that motion but expressly granted appellant's request to reserve appeal rights thereto.

Appellant's sole enumeration is that the Juvenile Court of Gwinnett County erred in assuming jurisdiction over an unruly child case where "the incident complained of occurred in Rockdale County." Held:

Appellant has abandoned all issues not reasonably included in the enumeration, or for which there is no argument or citation of au-

thority in appellant's brief, including any constitutional challenge to OCGA § 15-11-15.

Delinquency and unruliness are among those proceedings in juvenile court that are quasi-criminal in nature. *Quire v. Dept. of Family &c. Svcs.*, 242 Ga. 85, 87 (249 SE2d 538). However, Georgia Constitution 1983, Art. VI, Sec. II, Par. VI, pertinently provides that "[a]ll other civil cases, except juvenile court cases as may otherwise be provided by the Juvenile Court Code of Georgia, shall be tried in the county where the defendant resides." The effect of this constitutional provision appears to be to classify *all* juvenile cases *for purposes of venue* in the broad category of civil cases, and to allow all juvenile cases to be tried in the forum provided by the Juvenile Court Code of Georgia. See *In the Interest of S. H. & I. W.*, 163 Ga. App. 419 (294 SE2d 621); see also *In the Interest of R. A. S.*, 249 Ga. 236 (290 SE2d 34). Art. VI, Sec. II, Par. VI is implemented by OCGA § 15-11-15 as to proceedings conducted under Article 1 (Juvenile Proceedings), Title 15, OCGA, Chapter 11. With certain statutory exceptions not here applicable, OCGA § 15-11-15 provides: "A proceeding under this article [juvenile proceeding] may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred." The first sentence in this Code section in effect adopts as a permissible alternative a basic venue rule similar to the primary venue rule for "other civil cases" set forth in Georgia Constitution 1983, supra. The second sentence in the Code section provides an additional or supplemental venue rule in delinquent or unruly conduct cases.

An appellate court should interpret statutory provisions in a manner squaring with common sense and reasoning. *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367). Construing OCGA § 15-11-15 in pari materia with Georgia Constitution 1983, Art. VI, Sec. II, Par. VI, it appears that, under current statutory venue provisions, a juvenile proceeding for delinquency or unruly conduct, commenced under Article 1 of Title 15, OCGA, Chapter 11, may be tried either in the county where the child resides or in the county where the unruly or delinquent conduct occurred. Barring waiver of the venue requirement, there appears to be no statutory or constitutional authorization to try such juvenile cases in any other judicial forum in this state.

*In the Interest of S. H. & I. W.*, 163 Ga. App. 419, supra (termination of parental rights) and *In the Interest of C. R.*, 160 Ga. App. 873 (288 SE2d 589) (deprivation action) are factually distinguishable and not controlling. Compare *Quire*, supra at 87, n. 6.

The juvenile proceeding against A. M. C. was not brought in the county where the unruly conduct was averred to have been commit-

ted. The issue thus remains whether it was brought in the county where the juvenile resides. In determining where a juvenile resides for purposes of venue under OCGA § 15-11-15, we conclude it is generally the legal residence that controls. See *In the Interest of S. K. L.*, 199 Ga. App. 731, 735 (2) (c) (405 SE2d 903). "One's legal residence for the purpose of being sued in this state is generally the same county as his or her domicile." *Sorrells v. Sorrells*, 247 Ga. 9, 11 (274 SE2d 314). When A. M. C. was placed in the legal custody of DFCS in Gwinnett County, a rebuttable legal presumption arose that A. M. C. obtained a Gwinnett County legal residence for purposes of determining venue under OCGA § 15-11-15. See *S. K. L.*, supra at 735 (2) (c); see also OCGA § 19-2-4. There exists insufficient evidence in the record to rebut this presumption. Mere change of physical custodians or of housing location would not per se result in a change of the legal residence of A. M. C. See *S. K. L.*, supra. The trial court did not err in denying the motion to dismiss for improper venue.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1994 —
RECONSIDERATION DISMISSED JULY 14, 1994 —

*Edgar J. Perkerson III*, for appellant.
*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.