A97A2189. In the Interest of B. G. et al., children.
(497 SE2d 572)

Ruffin, Judge.

The mother of B. G. and R. G. appeals the Gwinnett County Juvenile Court's order extending temporary legal custody of her children to the Gwinnett County Department of Family & Children Services ("DFCS") pursuant to OCGA § 15-11-41.[1] Because the juvenile court was without authority to extend DFCS's temporary legal custody under OCGA § 15-11-41, we reverse.

The evidence reveals that the children were removed from their home on June 28, 1993. See OCGA §§ 15-11-17 (when child may be taken into custody); 15-11-18 (when detention of child permitted) and 15-11-19 (procedure on taking child into custody). The juvenile court, in a July 26, 1993 order, found B. G. and R. G. to be deprived due to neglect and abuse. The court gave DFCS temporary custody of the children in accordance with former OCGA § 15-11-41 (d). This subsection provided that "an order of disposition placing a deprived child in foster care under the supervision of [DFCS] shall continue in force for 18 months after the date of original placement with the department or until sooner terminated by the court." OCGA § 15-11-41 (d).

By order of the juvenile court entered on December 30, 1994, DFCS's temporary custody was extended for two years pursuant to former OCGA § 15-11-41 (f), which stated that "[t]he court which made the order [of disposition] may extend its duration for not more than two years. . . ." The order of disposition and the extension of the order did not deprive the mother of all parental rights in her children. In the Interest of K. B., 188 Ga. App. 199 (1) (372 SE2d 476) (1988).

Prior to the expiration of the two years, DFCS filed a petition to terminate the mother's parental rights in accordance with OCGA § 15-11-80 et seq. In a written order entered on July 10, 1996, the juvenile court granted the termination petition and committed the children to the custody of DFCS. This order remained in effect until reversed or modified by a reviewing court on appeal. OCGA § 15-11-64.

The mother appealed to this Court, and on March 14, 1997, we reversed the order of termination due to the juvenile court's error in excluding the mother from the courtroom while the children testified. In the Interest of B. G., 225 Ga. App. 492 (484 SE2d 293) (1997). The

---

[1] The Code section was substantially rewritten and this revision became effective July 1, 1996. While it is unclear whether the juvenile court, in granting the extension of custody, relied on the former version of OCGA § 15-11-41 or the revised version, which applied to all cases pending as of July 1, 1996, this issue does not affect the disposition of the appeal.

case was remanded to the juvenile court for a new termination hearing. Id.

On March 20, 1997, DFCS moved for an extension of the juvenile court's order of December 30, 1994, that gave DFCS temporary legal custody until December 1996. DFCS also filed new deprivation petitions with the juvenile court regarding the children, noting that the children were adjudicated deprived in 1993 and that the mother had failed to comply with case plan goals. DFCS also admitted in the new deprivation petitions that its temporary legal custody had expired. Despite DFCS's admission that its temporary legal custody had expired and the requirements of OCGA § 15-11-41 (f) that an order of disposition can only be extended for two years and that no extension can be granted unless a hearing is held regarding the motion for extension prior to the expiration of the disposition order, the juvenile court granted the motion for extension of temporary legal custody pursuant to OCGA § 15-11-41 and declined to address DFCS's new deprivation complaints. The mother appealed from this latest order of the juvenile court.

In this procedurally unusual case, we first conclude that the juvenile court's termination order was rendered a nullity by our reversal. "The legal effect of the reversal of a judgment on appeal is to nullify the effect of such judgment in all its aspects and place the parties in the same position in which they were before such judgment. [Cit.]" *McKay v. McKay*, 93 Ga. App. 42 (3) (90 SE2d 627) (1955). See also *Kirkland v. Southern Discount Co.*, 187 Ga. App. 453 (3) (370 SE2d 640) (1988); *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3 (3) (375 SE2d 848) (1989).

Accordingly, we find that the reversal of the termination order placed DFCS in the same position it would have been in had there been no termination order. Prior to the termination order, DFCS was entitled to temporary legal custody of the children until December 1996 in accordance with the December 30, 1994 order extending custody for two years. This right to custody ended, however, in the interim between the July 1996 termination order and our March 1997 opinion reversing the termination order. Since the custody period ended in December 1996, DFCS had no right to custody in March 1997.

Furthermore, even if DFCS had temporary custody after our reversal of the termination order, the juvenile court could not have again granted an extension of temporary custody. It had already extended the original disposition order for two years in its December 30, 1994 order. The juvenile court thus had no authority to extend it further, as OCGA § 15-11-41 (f) provides that an order of disposition giving DFCS temporary custody of a deprived child can be extended "for not more than two years." Accordingly, there was no viable

method by which the juvenile court could have extended DFCS's original award of temporary legal custody pursuant to OCGA § 15-11-41.

However, DFCS was not without recourse. In accordance with OCGA § 15-11-1 et seq., DFCS properly filed new deprivation petitions, arguing that the children would be deprived if returned to their mother. See OCGA §§ 15-11-11 (commencement of proceedings); 15-11-24 (who may make petition) and 15-11-25 (contents of petition). However, the juvenile court erred in failing to address the petitions and stating that the deprivation complaints were "unnecessary" because it had ruled on DFCS's motion to extend temporary custody, which we have already determined was erroneous.

Accordingly, we reverse the juvenile court's order granting DFCS's motion to extend temporary legal custody under OCGA § 15-11-41 and remand the case for the juvenile court to determine whether the deprivation petitions have any continuing viability. If they do not, then DFCS must file new deprivation petitions, stating that the new petitions are in the best interest of the children and that the children are in custody. OCGA § 15-11-25. The trial court can then allow the children to remain with DFCS upon finding that the children would still be deprived if returned to their mother. OCGA § 15-11-34. If the petitions are not filed and addressed, then DFCS would have no right to continued custody of the children, and they must be returned to their mother. However, if the mother does not comply with the summons regarding the termination petition ordering her to bring the children to court or the summons cannot be served upon her, then the trial court can issue an order to take the children into protective custody pending the disposition of the termination petition. OCGA § 15-11-86.

2. Since the juvenile court did not have authority to extend DFCS's temporary legal custody, it is unnecessary for this Court to address the mother's claim regarding the sufficiency of the evidence to support an extension of custody.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 28, 1998 —
RECONSIDERATION DENIED MARCH 10, 1998

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Cheely & King, Grantland G. King III, Deborah A. Stone*, for appellee.