516 S.E.2d 363 (1999)
237 Ga. App. 662
In the Interest of K.M.L. et al., children.
No. A99A0309.
Court of Appeals of Georgia.
April 14, 1999.
*364 D. Kent Shelton, for appellant.
Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie B. Hope, Assistant Attorneys General, Sanders B. Deen, Kenneth A. Thompson, Jr., Marietta, for appellee.
SMITH, Judge.
The mother of K.M.L. and B.J.D.C. appeals from the order of the Cobb County Juvenile Court terminating her parental rights to these minor children.[1] The mother does not challenge the sufficiency of the evidence to support the termination of her rights, but she raises challenges to the court's jurisdiction and venue and claims ineffective assistance of counsel. We find no merit in these enumerations and affirm.
The record shows that in February 1996 the mother was en route from Florida to Tennessee with K.M.L. and B.J.D.C., then aged eight and four, respectively. She was driving on I-75 when a snowstorm caused them to seek shelter at a motel in Cobb County. The children played in the snow in the motel parking lot, and the mother began to drink in her room. She drank all night, and the next morning she continued drinking and sent the children to the lobby to get breakfast. The police were called, and the *365 mother was arrested.[2] The children were placed in the temporary custody of the Cobb County Department of Family & Children Services (DFACS) when the mother was arrested. When she was released, she resumed her planned move to Tennessee. Her children remained in Cobb County, in the custody of DFACS. The temporary placement order recites that "[t]he mother agrees for the children to remain in protective custody." Indeed, at the termination hearing the mother testified she was still not ready to be granted custody of her children.
1. The mother first contends that jurisdiction and venue were not proper in the Juvenile Court of Cobb County because the children were not Georgia residents.[3] We do not agree. First, although her attorney at the termination hearing mentioned in opening and closing that he felt the case should have been transferred to Tennessee at the outset, no specific challenge was raised to jurisdiction or venue even at the termination hearing. The record reflects affirmatively that the mother consented to the children's remaining in Cobb County at the outset. She did not appeal the deprivation order.
It is well established that parties cannot, by consent, give subject matter jurisdiction to a court; it is limited by the power conferred upon a court by law. But one may consent to bring oneself within the jurisdiction of a court, thereby waiving lack of personal jurisdiction. Apparel Resources Intl. v. Amersig Southeast, 215 Ga.App. 483, 484(1), 451 S.E.2d 113 (1994). By consenting to the juvenile court's placing legal custody of the children with the Cobb County DFACS, the mother waived any objections to jurisdiction and venue.
Moreover, as to venue, "[i]t may be presumed as a matter of law, subject to rebuttal," that a child placed in the custody of a county department of family and children services thereafter assumes the residence of that county department. In the Interest of S.K.L., 199 Ga.App. 731, 735, 405 S.E.2d 903 (1991); In the Interest of A.M.C., 213 Ga.App. 897, 898, 446 S.E.2d 760 (1994). See also OCGA § 19-2-4(b), which provides that when a child's parents have been deprived of custody by court order, the child's domicile is that of the person having legal custody. And "legal residence for the purpose of being sued in this state is generally the same county as his or her domicile." Sorrells v. Sorrells, 247 Ga. 9, 11(3), 274 S.E.2d 314 (1981).
Because the requirements for venue in Cobb County were met, the fact that their mother was in the process of moving to Tennessee when DFACS obtained custody is insufficient to rebut the presumption that the children resided in Cobb County. Juvenile court proceedings are specifically and explicitly excepted from the general constitutional venue provision requiring all civil cases to be brought in the county of the defendant's residence. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. OCGA § 15-11-15(a) provides that, with certain exceptions not applicable here, a juvenile court proceeding "may be commenced in the county in which the child resides" and that a deprivation action "may be brought in the county in which the child is present when it is commenced." Venue was therefore proper at the outset in Cobb County. Thereafter, the children "resided" in Cobb County, and jurisdiction and venue were proper there.
2. OCGA § 15-11-44(a) provides that if a court finds that a child who has been adjudged deprived is, or is about to become, a resident of another state that has adopted the Uniform Juvenile Court Act or a similar act, the court may defer a dispositional hearing and request the juvenile court of the child's residence or prospective residence to assume jurisdiction. Because the language of OCGA § 15-11-44 is permissive and not *366 mandatory, however, we find no merit in the mother's contention that the juvenile court erred in failing to transfer the proceedings to Tennessee on its own motion.
3. The mother alleges she received ineffective assistance of counsel because her attorneys failed to move the juvenile court to transfer the case to Tennessee. We reject the State's argument that the mother was not entitled to effective assistance of counsel because a termination proceeding is a civil case, not a criminal case. See In the Interest of A.H.P., 232 Ga.App. 330, 333-335(2), 500 S.E.2d 418 (1998). Relying in part on language in Nix v. Dept. of Human Resources, 236 Ga. 794, 225 S.E.2d 306 (1976) indicating that the entire legislative scheme of the Juvenile Code was intended to provide to indigent parents "effective representation at all stages of any proceeding involving" the termination of their parental rights, id. at 796, 225 S.E.2d 306, we found in A.H.P. that claims of ineffective assistance of counsel may arise from proceedings involving termination of parental rights. Id. at 334, 500 S.E.2d 418.
But to show ineffective assistance of counsel, the mother must show that counsel's performance was deficient and that the result of the proceeding would have been different but for that deficient performance. A.H.P., supra at 334, 500 S.E.2d 418. And in this case, the mother's counsel was not ineffective in failing to request transfer to Tennessee. Because our law does not mandate transfer, failing to move for a transfer was not deficient. Moreover, we have determined that venue was proper in Cobb County because the children had been residing there for two years and the mother had waived any objection to jurisdiction and venue in Cobb County by failing to object during previous proceedings. Counsel's failure to move for transfer was not deficient for this reason as well.
Judgment affirmed.
POPE, P.J., and ELDRIDGE, J., concur.
NOTES
[1] The mother has two other children: C.J.W. and C.K.W. C.J.W., now eighteen, has lived with friends in Florida for two years. The mother has not supported him. Her parental rights to C.K.W., a girl now 16, were terminated in Oregon in 1991.
[2] She caused some damage to the police car, and she was eventually charged with interference with government property, criminal trespass, public drunkenness, and obstruction of an officer. She pled guilty and was sentenced to three years probation under the First Offender Act.
[3] It is unclear whether the mother is challenging personal jurisdiction or subject matter jurisdiction. We have assumed she challenges personal jurisdiction, because subject matter jurisdiction is clear, under OCGA § 15-11-5(a)(1)(C) and (2)(C).