A99A0343. IN THE INTEREST OF B. G. et al., children.
(518 SE2d 451)

McMURRAY, Presiding Judge.

This is the third appearance of this matter before this Court. B. G. and R. G. were removed from their mother's home in 1993, upon being found to be deprived (based on evidence that they were living in unsanitary conditions and that their mother had chased one of the children with a maul) and placed in the temporary legal custody of the Gwinnett County Department of Family & Children Services

("DFCS").[1] The Juvenile Court of Gwinnett County entered an order terminating the mother's parental rights in 1996 and committed the children to DFCS's custody. This judgment was reversed on March 14, 1997, in *In the Interest of B. G.*, 225 Ga. App. 492 (484 SE2d 293), and the case was remanded for a new hearing to determine whether the mother's parental rights should be terminated. Because DFCS's temporary legal custody of B. G. and R. G. expired during this appeal in December 1996, DFCS moved to extend its temporary legal custody in the proceedings. DFCS also filed new deprivation petitions in the Gwinnett County Juvenile Court, apparently seeking the same effect. The Juvenile Court of Gwinnett County granted DFCS's motion to extend its temporary legal custody of the children and found it unnecessary to address DFCS's new deprivation petitions. This order was reversed in *In the Interest of B. G.*, 231 Ga. App. 39 (497 SE2d 572), and the case was remanded for the juvenile court to consider the validity of DFCS's new (second) deprivation petitions. Upon remand, DFCS filed, on June 11, 1998, another (third) set of petitions in the Juvenile Court of Gwinnett County alleging B. G. and R. G. to be deprived. The juvenile court conducted hearings on these petitions and later entered an order finding that B. G. and R. G. would be deprived if they were returned to their mother. This appeal followed. *Held*:

OCGA § 15-11-15 (a) provides that, in juvenile proceedings where deprivation is alleged, venue is proper in the county in which the child resides, or "in the county in which the child is present when it is commenced." The juvenile court's deprivation order indicates proper venue in Gwinnett County, Georgia, based on both provisions. The mother challenges this determination, asserting that venue was not proper in Gwinnett County because B. G. and R. G. were neither "present" in Gwinnett County as contemplated by OCGA § 15-11-15 (a) when the deprivation petitions were filed on June 11, 1998, nor were they residing in Gwinnett County at this time. We agree.

*Venue Based on Residency*. A juvenile's legal residence generally controls when determining where the child resides for purposes of establishing venue under OCGA § 15-11-15 (a). *In the Interest of A. M. C.*, 213 Ga. App. 897, 899 (446 SE2d 760). " 'One's legal residence for the purpose of being sued in this state is generally the same county as his or her domicile.' [Cit.]" *In the Interest of A. M. C.*, 213 Ga. App. 897, 899, supra. In the case sub judice, it is undisputed that neither B. G. nor R. G. was residing in Gwinnett County when DFCS filed the deprivation petitions which are the basis of the case sub

---

[1] The mother's conduct toward B. G. and R. G. resulted in her convictions for reckless conduct and cruelty to children. These convictions were overturned in *Brewton v. State*, 266 Ga. 160 (465 SE2d 668), and *Brewton v. State*, 216 Ga. App. 346 (454 SE2d 558).

judice. The children were residing and attending school in Banks County, Georgia (and had been for four to five years) when DFCS filed these petitions. Consequently, since DFCS did not have legal custody of the children when it filed the deprivation petitions on June 11, 1998, venue was not established in Gwinnett County based on the juvenile court's findings that DFCS had physical, if not legal, custody of the children and that DFCS is a Gwinnett County resident. See *In the Interest of A. M. C.*, 213 Ga. App. 897, 899, supra, where venue in a juvenile court delinquency proceeding was found to be in a county outside the subject child's actual residency based on a presumption of residency premised on DFCS's legal custody of the child in the jurisdiction of the delinquency proceeding.

*Venue Based on Presence in County.* The juvenile court's deprivation order appears to premise venue in Gwinnett County based on B. G.'s and R. G.'s presence in that county on the day the deprivation petitions were filed, June 11, 1998. While B. G. and R. G. were taken to Gwinnett County on the day these deprivation petitions were filed (and returned to their home in Banks County the same day), we cannot say that such brief visits will always be a sufficient basis for establishing venue under OCGA § 15-11-15 (a). "An appellate court should interpret statutory provisions in a manner squaring with common sense and reasoning. [Cit.]" *In the Interest of A. M. C.*, 213 Ga. App. 897, 898, supra. We believe OCGA § 15-11-15 (a)'s alternative venue provision — regarding venue in the county in which an allegedly deprived child is present when deprivation proceedings are commenced — was only intended to apply to any allegedly deprived child's presence in a county, outside the child's legal domicile, based on some immediate fortuitous exigency relating to the child's alleged deprivation. To say otherwise would allow OCGA § 15-11-15 (a)'s alternative venue provision to be too broadly employed as a tool for arbitrary manipulation of venue of any juvenile deprivation proceedings to any Georgia county outside a subject child's legal domicile.

Finding no immediate fortuitous exigency relating to B. G.'s and R. G.'s alleged state of deprivation placing these children in Gwinnett County on the day the subject deprivation petitions were filed, the juvenile court erred in basing venue on B. G.'s and R. G.'s brief visit to Gwinnett County on the day the deprivation petitions were filed. Accordingly, the juvenile court's deprivation order must be reversed and the case remanded for transfer proceedings to Banks County, Georgia, in accordance with OCGA § 15-11-15 (a).

*Judgment reversed and case remanded with direction. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 25, 1999.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie B. Hope, Assistant Attorneys General, Cheeley & King, Joseph E. Cheeley III, Deborah L. Stone,* for appellee.