A99A1935. IN THE INTEREST OF B. G. et al., children.
(530 SE2d 473)

ANDREWS, Presiding Judge.

This is the fourth appearance of this case before this Court.[1] In the last appeal, we reversed the juvenile court's order finding that the children were deprived and remanded the case for transfer proceedings to Banks County. *In the Interest of B. G.*, 238 Ga. App. 227, 229 (518 SE2d 451) (1999). In that case, we found venue was improper under OCGA § 15-11-15 (a) because the petitions alleging deprivation were filed in Gwinnett County and the children lived in Banks County. Id.

While the appeal of the deprivation order was still pending, the Gwinnett County Juvenile Court held a hearing on the petition to terminate parental rights and later granted that petition.

As stated above, this Court has already determined that venue was improper in Gwinnett County and has remanded the case for transfer to Banks County. Therefore, that holding is the law of the case,[2] and venue was also improper in the termination proceeding in Gwinnett County. Moreover, the Department of Family & Children Services agrees that the prior reversal rendered the termination proceeding a nullity. Accordingly, the juvenile court's order terminating the parent's rights must be reversed, and the case remanded for transfer proceedings to Banks County. *In the Interest of B. G.*, 238 Ga. App. at 229.

*Judgment reversed and remanded. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 3, 2000 —
RECONSIDERATION DENIED MARCH 1, 2000.

---

[1] See *In the Interest of B. G.*, 225 Ga. App. 492 (484 SE2d 293) (1997); *In the Interest of B. G.*, 231 Ga. App. 39 (497 SE2d 572) (1998); *In the Interest of B. G.*, 238 Ga. App. 227 (518 SE2d 451) (1999).

[2] OCGA § 9-11-60 (h) provides that the law of the case rule is abolished, provided, however, that any ruling by the Supreme Court or Court of Appeals in a case shall be binding on all subsequent proceedings in that case in the lower court, the Supreme Court or the Court of Appeals. *Macon-Bibb County Hosp. Auth. v. Reece*, 236 Ga. App. 669, 672 (513 SE2d 243) (1999).

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Cheeley & King, Joseph E. Cheeley III*, for appellee.