A05A1976. IN THE INTEREST OF A. J. M., a child.
(627 SE2d 399)

BERNES, Judge.

Appellant is the father of A. J. M., a minor child, and seeks review of the April 28, 2005 order of the Juvenile Court of Jones County, finding A. J. M. deprived and continuing her custody with the Jones County Department of Family and Children Services ("DFACS"). Appellant contends: (1) the trial court lacked personal jurisdiction over him because service of process was insufficient and (2) the petition for deprivation failed to allege facts showing personal jurisdiction over A. J. M. and venue in Jones County. Finding that appellant's claims lack merit, we affirm.

A. J. M. is a minor female child, born on September 24, 1996. Appellant is currently incarcerated for sexually molesting A. J. M.'s half-sister, B. D. B., and the parental rights of A. J. M.'s mother have been terminated.

A. J. M. has been in DFACS's custody since 2001; however, DFACS's temporary legal custody of her expired by operation of law in 2005. As a result, DFACS filed a notice of summons and a new verified petition of deprivation (the "petition") in the Juvenile Court of Jones County on March 15, 2005, which alleged that A. J. M. was deprived as defined by OCGA § 15-11-2 in that she was without parental care and control. DFACS expressly stated in the Petition that A. J. M. was in DFACS's custody and was subject to the juvenile court's jurisdiction, and further stated she was "presently placed in an approved foster home through the Jones County Department of Family and Children Services, P.O. Drawer 1689, Gray, Georgia, 31032. . . ."

The summons and petition were personally served on appellant on March 17, 2005 by a correctional officer at the Calhoun State Prison, where appellant is incarcerated. The juvenile court held a deprivation hearing on March 22, 2005, wherein appellant's counsel moved to dismiss the petition on the grounds of insufficient service of process and failure to contain certain residency information required under OCGA § 15-11-38.1 to establish personal jurisdiction and venue. The juvenile court denied the motion and held that A. J. M. was deprived and granted DFACS temporary custody for an additional 12 months.

1. *Service of Process.* After the filing of a deprivation petition, Georgia law requires that the juvenile court direct the issuance of a summons to the parents of the child. OCGA § 15-11-39 (b). The summons must require them to appear before the court at the time fixed to answer the allegations in the petition. Id. When the party to be served is in Georgia and can be located, the summons must be personally served at least 24 hours before the hearing. OCGA § 15-11-39.1 (a). Service "may be made by any suitable person under the direction of the court." OCGA § 15-11-39.1 (c).

In the instant case, appellant does not dispute that he was personally served and that service was timely, but instead argues that personal service by a correctional officer was insufficient. According to appellant, because a correctional officer is not among those categories of persons enumerated in the Civil Practice Act, OCGA § 9-11-4 (c), as being authorized to perfect personal service, the law required that the correctional officer be specially appointed by the court for that purpose for appellant's service to be valid.

Appellant's argument fails, however, because the Civil Practice Act, and in particular the service procedures set forth therein, have not been adopted and are not binding on the juvenile court. *English v. Milby*, 233 Ga. 7, 9-10 (1) (209 SE2d 603) (1974) ("It would be contrary to the spirit and expressed purpose of the Juvenile Court Code to require the Juvenile Courts to conform to the provisions of the Civil Practice Act.") (citation omitted). Rather, the Juvenile Court Code provides that service may be affected "by any suitable person under the direction of the court." OCGA § 15-11-39.1 (c).

Here, the deputy clerk of the Jones County Juvenile Court sent the Petition and the notice of summons, which indicated on its face that it was to be personally served upon appellant, to the Calhoun State Prison via certified mail with a letter directing the same to be served upon appellant. The clerk had the authority to issue and sign the summons. See OCGA § 15-11-24 (giving juvenile court judges the power to appoint clerks for the execution of the purposes of that chapter); Uniform Juvenile Court Rule 2.2 (a) (authorizing the clerk to issue and sign summonses). Accordingly, the correctional officer was acting under the direction of the court for the purposes of OCGA § 15-11-39.1 (c) when he served appellant with the summons and petition.

2. *Contents of Petition.* Appellant next argues that, because the petition did not set forth detailed information about the minor child's residence, it was insufficient to establish either personal jurisdiction over A. J. M. or venue in Jones County. Because appellant lacks standing to contest the juvenile court's exercise of personal jurisdiction with respect to A. J. M., who was represented at the hearing by a court-appointed guardian ad litem who did not contest jurisdiction,

we decline to address that issue. See *In the Interest of M. B. B.*, 241 Ga. App. 249, 250 (1) (a) (526 SE2d 76) (1999).

Nor do we find any merit in appellant's claim that venue was not adequately established in the petition. OCGA § 15-11-29 (a) provides that a deprivation proceeding may be commenced in the county in which the child resides or is present when the proceeding is commenced.

DFACS alleged in its petition that A. J. M. was under DFACS's custody and control, and that she had been in its custody since March 8, 2005 under an emergency shelter care order. Consistent with its general policy of not disclosing the addresses of foster parents due to safety concerns for children in their care, DFACS asserted in the petition that A. J. M. had been "placed in an approved foster home through the Jones County Department of Family and Children Services," and listed DFACS's Jones County address. DFACS's trial counsel further advised the trial court that A. J. M.'s address had not been disclosed in this case specifically out of concern for her safety due to past conduct of the appellant.

This Court has previously held that "it may be presumed as a matter of law, subject to rebuttal, that a child placed in the custody of a county department of family and children services thereafter assumes the residence of that county department." (Citations and punctuation omitted.) *In the Interest of K. M. L.*, 237 Ga. App. 662, 663 (1) (516 SE2d 363) (1999). A. J. M. was placed into the legal custody of DFACS in Jones County, and thus a rebuttable presumption arose that A. J. M. obtained a Jones County legal residence for the purposes of determining venue. *In the Interest of A. M. C.*, 213 Ga. App. 897, 899 (446 SE2d 760) (1994). Thus, by alleging that A. J. M. was in its custody under an emergency shelter care order, and by setting forth DFACS's address in Jones County, DFACS's petition provided sufficient information to establish that A. J. M.'s residence was in Jones County. Accordingly, venue in Jones County was proper.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*


DECIDED FEBRUARY 17, 2006.

*Richard A. Epps*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Browne & Price, Douglas L. Price, Kelli C. Rutherford*, for appellee.