## 56253. CHATHAM v. WORLD ARTS & CRAFTS CENTER, INC.

SMITH, Judge.

Because of a clearly erroneous factual finding by the trial court, which finding cannot be said to be immaterial as a matter of law, we reverse the judgment and remand the case to the trial court for reconsideration of the

judgment in light of the corrected finding.

This dispute arose out of a commercial lease. Chatham—the lessor, plaintiff, and appellant—initiated distress warrant proceedings (Code Ch. 61-4) against World Arts & Crafts Center, Inc. The dispute was tried before the court without a jury. Entering a judgment in favor of World Arts, the court found that Chatham had utilized the statutory proceedings in an oppressive manner. Contrary to Chatham's contentions, we believe the evidence before the court authorized a finding of oppressive use.

However, one specific factual finding was not authorized by the evidence: "The Court finds that on the day before the delivery of [a cashier's check for the March, 1977, rent] the Plaintiff had sworn out a distress warrant and a dispossessory warrant against the Defendant but that at the time of the delivery of the check the [warrants] had not been served upon the Defendant." The quoted finding is clearly erroneous under the undisputed evidence tendered to the trial court. The evidence showed that a distress warrant affidavit was sworn and a summons thereon was served on March 18, 1977, and that the cashier's check for rent was delivered three days thereafter on March 21, 1977. The trial court was incorrect in finding that World Arts had delivered Chatham the cashier's check prior to World Arts having received service of the distress warrant summons. Further contrary to the trial court's finding, the evidence does not show that a dispossessory warrant summons was applied for and issued together with the distress warrant summons.

Because the above finding of fact is clearly erroneous, we must set it aside. *Lamas v. Baldwin,* 140 Ga. App. 37, 39 (230 SE2d 13) (1976). A correction of this error may or may not alter other findings of fact made by the trial court (e. g., the conclusion that the proceedings had been used in an oppressive manner) and thus may or may not affect the ultimate judgment. Since the finding may have been material to the court's judgment, the judgment must be reversed. We remand the case to the trial court with direction that it correct the finding to conform to the evidence and then make a judgment with

the corrected finding taken into consideration. See *Gates v. Aetna Ins. Co.,* 128 Ga. App. 546 (197 SE2d 381) (1973).

We find no merit in Chatham's contention that the trial court misapplied the law to the facts as the court found them.

*Judgment reversed and remanded with direction. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978.

*Robert Strickland, Jr.,* for appellant.
Tom Powers, *pro se.*