68911. IN THE INTEREST OF E. R. D.

(323 SE2d 723)

CARLEY, Judge.

This is an appeal by the grandmother of a six-year-old child from an order of a juvenile court finding the child to be deprived and placing temporary custody of the child with the Gwinnett County Department of Family and Children Services. Appellant asserts that the finding that the child is deprived is not supported by the evidence.

Insofar as is relevant to the instant appeal, OCGA § 15-11-2 (8) defines a deprived child as a child who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals . . . ." It is well established that clear and convincing evidence is required to support a finding of deprivation. OCGA § 15-11-33 (b) (1); *In re Suggs*, 249 Ga. 365 (291 SE2d 233) (1982); *In re R. R. M. R.*, 169 Ga. App. 373 (312 SE2d 832) (1983).

One of the main bases for the juvenile court's conclusion that the child was deprived was its explicit finding of fact that the child had been sexually molested in appellant's household. This finding is absolutely unsupported by any evidence of record. "Because the above finding of fact is clearly erroneous, we must set it aside. [Cit.]" *Chatham v. World Arts &c. Center*, 147 Ga. App. 421, 422 (249 SE2d 139) (1978). We cannot determine whether the juvenile court would have found clear and convincing evidence of deprivation based upon the remaining evidence before it. "A correction of this error may or may not alter other findings of fact made by the [juvenile] court . . . and thus may or may not affect the ultimate judgment. Since the finding [of sexual molestation] may have been material to the court's judgment, the judgment must be reversed. We remand the case to the [juvenile] court with direction that it correct the finding to conform to the evidence and then make a judgment with the corrected finding taken into consideration. [Cit.]" *Chatham v. World Arts &c. Center*, supra at 422-423. See also *Gates v. Aetna Ins. Co.*, 128 Ga. App. 546 (197 SE2d 381) (1973).

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1984.

*Jack T. Elrod*, for appellant.
*Joseph E. Cheeley*, for appellee.