A94A2222. IN THE INTEREST OF D. S. et al., children.
(456 SE2d 715)

RUFFIN, Judge.

This is an appeal by the natural mother of three children, aged six, three, and two, from an order of a juvenile court finding the children to be deprived and placing temporary custody of the children with the Heard County Department of Family & Children Services ("DFCS"). This is the second appearance of this case before this court. See *In the Interest of D. S.*, 212 Ga. App. 203 (441 SE2d 412) (1994). Previously, we granted the mother's application for discretionary appeal to review the juvenile court's order finding the children to be deprived and awarding temporary custody to DFCS. We found

that the facts set forth in the trial court's order did not constitute "clear and convincing evidence of deprivation under OCGA § 15-11-2 (8)." Id. at 204. However, because the order did not contain explicit findings of fact and conclusions of law in accordance with OCGA § 9-11-52, the judgment was vacated and the case was remanded for entry of the proper findings and a new judgment.

We granted the mother's application for discretionary appeal from the court's new order affirming the deprivation to determine whether the evidence supported the finding of deprivation.

1. Appellant contends the evidence was insufficient to support the juvenile court's order because there was no evidence of harm to the children and the DFCS caseworker failed to establish that she was an inappropriate parent. She argues the trial judge's initial comments on the evidence also demonstrate its insufficiency. At the conclusion of the initial detention hearing to determine whether the children should be detained or released to their mother pending a hearing on the deprivation petition, the court stated its early impression that the circumstances did not warrant permanent removal of the children and that the case could be remedied by close supervision of the parties. In that hearing, the court heard all of the evidence regarding the condition of the mother's home.

" 'When contemplating taking custody of a minor child from his parent or parents and awarding it to a third party, the court must initially face the presumption, firmly embedded in our law, that it is in the child's best interest to be with his natural parent or parents. In order for this presumption to be overcome, there must be a clear and convincing showing that the child is abandoned, deprived, or abused, or that the parent is unfit to receive or retain custody. Thus, in order to take custody from the natural parent or parents and award it to a third party, the court must consider not simply the "best interest of the child," which is the appropriate standard when the contest is between the parents, but the narrower criterion of parental unfitness to have the child in his or her custody. . . . A parent may lose (her) right to custody of (her) child or children if (she) is found to be unfit or if there is found to exist one of the conditions specified in OCGA § 19-7-1. . . . Custody may also be lost if the child is found to be . . . deprived and likely to be harmed thereby.' . . . [Cit.]" *In the Interest of M. A. V.*, 206 Ga. App. 299, 300 (1) (425 SE2d 377) (1992). "OCGA § 15-11-2 (8) defines a deprived child as a child who 'is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals. . . .' " *In the Interest of E. R. D.*, 172 Ga. App. 590 (323 SE2d 723) (1984).

The trial court's finding of deprivation was based on evidence that the children were living in unsanitary conditions which the court

deemed a significant threat to the health and welfare of the children. The court's order sets forth the following findings of fact: "The kitchen was littered with dirty dishes, hardened liquid soiled the kitchen floor, and food which had been left on the counters was rotted. There were also live and dead roaches in the kitchen cabinets, on the counters and in the refrigerator. . . . [T]he carpeting in the house was soiled and emanated a strong odor of animal discharge, and . . . there was a dead rat in the bathroom that had been there so long that only the skull remained." The court also found that the home was without gas or other means to heat water for bathing or cleaning; that the mother was not gainfully employed; and that drug paraphernalia was discovered in a night stand on the day the children were taken into custody.

" '(T)he appropriate standard of appellate review . . . is "whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." This standard of review safeguards the high value society places on the integrity of the family unit and helps eliminate the risk that a factfinder might base his determination "on a few isolated instances of unusual conduct or idiosyncratic behavior." (Cit.) "Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship." (Cit.)' [Cit.]" *In re S. E. H.*, 180 Ga. App. 849, 850-851 (350 SE2d 833) (1986).

The evidence recited above is virtually the same evidence we previously determined did not constitute "clear and convincing evidence of deprivation under OCGA § 15-11-2 (8)." *In the Interest of D. S.*, supra at 204. However, the evidence has been rendered less compelling by the notable deletion of the references to a drug raid on the home and the presence of a large quantity of drugs which were accessible to the children.

Moreover, the trial court's order contains no finding of fact with respect to the condition of the children. While the evidence showed that the family was living in filthy surroundings, there was no evidence of how the environment adversely affected the children, i.e., evidence of physical neglect, medical problems, malnourishment, emotional harm or mental inadequacies. Compare *Vermilyea v. Dept. of Human Resources*, 155 Ga. App. 746 (272 SE2d 588) (1980). Thus, there is no evidence upon which a determination can be made that the children were without "proper parental care or control, subsistence, education as required by law, or other care or control necessary for [their] physical, mental, or emotional health or morals" under OCGA § 15-11-2 (8).

Furthermore, "a showing of parental unfitness is required in

cases of temporary custody sought by a third party. [Cit.] Parental unfitness is ' "caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child." ' [Cits.]" *In re J. C. P.*, 167 Ga. App. 572, 575 (307 SE2d 1) (1983). There was no evidence of neglect or abuse of the children. With respect to the mother's fitness, the DFCS caseworker assigned to her testified, "I don't have an opinion as to whether she's an appropriate mother or not. I don't have any reason to have one one way or the other; okay? I mean, I don't have any reason to believe that she's not or that she is."

" 'The right to the custody and control of one's child is a fiercely guarded right in our society and in our law. It is a right that should be infringed upon only under the most compelling circumstances.' [Cit.] Our review of the record fails to unearth the clear and convincing proof that any rational trier of fact could have found that [appellant] had conducted [herself] in such a way as to abuse or neglect [the children] to the extent that [her] parental right to custody should be terminated." *In re S. E. H.*, supra at 851-852. Other than seeking to have the children declared deprived, there is no evidence that DFCS has provided any support services to this mother which would eliminate the necessity of resorting to the drastic measure of state intervention into this family unit. Compare *Vermilyea*, supra. Nor is there evidence that the mother would be uncooperative. We do not condone her neglectful housekeeping, but "we cannot say as a matter of law that the situation is such that [she] should be condemned as an unfit parent and stripped of [her] parental right to custody of [her children]." Id. at 852. See also *In the Interest of M. A. V.*, supra at 302.

2. In light of our holding in Division 1, we need not address the remaining enumerations of error.

*Judgment reversed. Blackburn, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — 

*Dock H. Davis*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Price & Pyles, T. Christopher Pyles*, for appellees.