A99A1920, A99A1921. In the Interest of B. M. B., a child (two cases).
(527 SE2d 250)

Blackburn, Presiding Judge.

In separate appeals, the natural parents appeal the juvenile court's order finding B. M. B., their one-year-old child, to be deprived and placing temporary custody of B. M. B. with the Cobb County Department of Family & Children Services (DFACS). The parents contend that the trial court erred in determining that B. M. B. was deprived. Because the record is supported by clear and convincing evidence of deprivation, we affirm.

We review a trial court's finding of deprivation

> in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the [child was] deprived. . . . "This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met."

*In the Interest of S. S.*, 232 Ga. App. 287, 289 (501 SE2d 618) (1998).

On April 25, 1997, the parents' parental rights to their three children were terminated. B. M. B. was born several months later, on September 23, 1997. In the present case, the juvenile court determined that the parents neglected and deprived B. M. B. by residing in the home of the child's paternal grandmother. Patti Sipos with DFACS testified as to what she found when she did a welfare check on B. M. B. at the grandmother's residence on February 4, 1999. Sipos testified that the entrance to the home had a very strong odor of alcoholic beverages and that the home was cluttered with piles of garbage, dirty dishes, and dirty clothes. Sipos testified that there were dead and live cockroaches "all over everything." At the time of the welfare check, B. M. B. was in a bedroom with his mother. The room, the child, and his clothes were filthy. The bed sheets were dirty, and there were medication bottles and a beer bottle within the child's reach. The child was coughing and very irritable. The mother

told Sipos that she had lived in nine locations over the past two years. There were several intoxicated men in the house, including a man who had urinated on himself while sitting on the couch. Additionally, one of the male residents assaulted Sipos as she tried to take pictures of the disarray in the house.

The father was incarcerated for probation violations, at the time of the welfare check. He had failed to complete community service, pay court-ordered fines, or attend DUI school. He also had incurred various traffic tickets. Additional criminal charges were pending against the father at the time of the hearing.

At the time of the hearing the mother lived in the home of Mr. and Mrs. Bettis. The mother indicated that she wants the Bettises to adopt B. M. B. Mrs. Bettis testified that she has a four-bedroom house on an acre of land where the mother and B. M. B. can live rent-free for as long as necessary. Mrs. Bettis testified that the father was not welcome in her home. No one from DFACS has visited her house.

> OCGA § 15-11-2 (8) defines a deprived child as a child who is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals. It is well established that clear and convincing evidence is required to support a finding of deprivation. OCGA § 15-11-33 (b) (1); *In re Suggs*, 249 Ga. 365 (291 SE2d 233) (1982); *In re R. R. M. R.*, 169 Ga. App. 373 (312 SE2d 832) (1983).

(Punctuation omitted.) *In the Interest of E. R. D.*, 172 Ga. App. 590 (323 SE2d 723) (1984).

> The definition of a deprived child, as contained in OCGA § 15-11-2 (8), focuses upon the needs of the child *regardless of parental fault*. The petition is brought on behalf of the child[,] and it is the child's welfare and not who is responsible for the conditions which amount to deprivation that is the issue. *Brown v. Fulton County Family &c. Svcs.*, 136 Ga. App. 308, 310 (2) (220 SE2d 790) (1975).

(Punctuation and footnote omitted.) *In the Interest of J. P.*, 267 Ga. 492 (480 SE2d 8) (1997).

The facts of the present case clearly establish that B. M. B. is deprived. The infested nature of the paternal grandmother's house clearly established a health hazard to the child. And the trial court specifically found that the parents' choice in exposing their child to such an inappropriate and dangerous living environment showed a lack of parental judgment and careless disregard for the child's

health and safety. Additionally, the parents' previous loss of parental rights to three older children and the transient nature of their living arrangements support the trial court's determination. The trial court determined that the child was deprived and ordered a home study on the Bettises' home. Because the trial court's findings were supported by clear and convincing evidence, we affirm.

*Judgments affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 17, 1999.

*David C. Butler, Bobby G. Adkins, Jr.*, for appellant (case no. A99A1920).

*Lawrence M. Korn*, for appellant (case no. A99A1921).

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Sanders B. Deen, Robert J. Grayson*, for appellee.