566 S.E.2d 334 (2002)
255 Ga. App. 534
In the Interest of P.O.M., a child.
No. A02A1314.
Court of Appeals of Georgia.
May 23, 2002.
*335 Elizabeth B. Reisman, for appellant.
Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox, Gainesville, for appellees.
PHIPPS, Judge.
The mother of one-year-old P.O.M. appeals orders of the superior court terminating her parental rights and granting the petition of the child's paternal aunt and her husband to adopt him.
The decision to terminate parental rights involves a two-step inquiry. First, *336 the court must determine whether there is present clear and convincing evidence of parental misconduct or inability. Parental misconduct or inability exists if (1) the child is deprived; (2) the deprivation is caused by the parent's lack of proper parental care or control; (3) the cause of the deprivation is likely to continue or will not likely be remedied; and (4) the continued deprivation will likely cause serious physical, mental, emotional, or moral harm to the child. Second, if the court finds clear and convincing evidence of present parental misconduct or inability, then the court must consider whether termination of parental rights is in the best interest of the child. We review the [superior] court's decision to determine whether, viewing the evidence in the light most favorable to [appellees], any rational trier of fact could have concluded by clear and convincing evidence that the natural parent's custody rights had been lost.[1]
Although his mother admits that P.O.M. is deprived, she challenges the sufficiency of the evidence to support the findings of the superior court as to the remaining factors. Viewed in the light most favorable to the petitioners, the evidence is sufficient. We, therefore, affirm.
1. The court's findings, that P.O.M. is deprived and that the deprivation is caused by his mother's lack of proper parental care or control, are supported by evidence of her unrehabilitated drug use, her near continuous incarceration during the child's life, and her failure to complete any goals set forth in case reunification plans or to show any meaningful interest in P.O.M. or her other children.
The evidence authorized the court to find that P.O.M.'s mother has a lengthy history of alcohol and drug abuse. P.O.M. was born as a result of her out-of-wedlock relationship with the child's father. In addition to having a child together, the parties constantly used cocaine. P.O.M.'s mother admitted that she smoked cocaine within 48 hours of giving birth to him. At the time of the birth, both mother and child tested positive for cocaine. As a result, P.O.M. was taken into emergency custody by the Department of Family & Children Services (DFACS) within several days. Moreover, at the time, his mother was on probation for felony theft by receiving. She also had two DUI convictions and one conviction of possession of marijuana. Approximately two months after P.O.M. was born, her probation was revoked, and she was returned to prison. She remained in prison at the time of the termination of parental rights hearings.
In determining whether the child is without proper parental care and control, the court shall consider whether the parent has a history of excessive use or chronic unrehabilitated abuse of intoxicating liquors, narcotic or dangerous drugs, or controlled substances and whether the parent has a conviction of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship.[2]
Shortly after P.O.M. was taken into custody by DFACS, a case reunification plan was developed requiring his mother to, among other things, obtain and complete treatment for alcohol and drug abuse, submit to psychological evaluations, and complete parenting and child nurturing skills and training classes. She failed to comply with any of these requirements, even though she could have taken steps to do so before going to prison and while incarcerated. She has visited P.O.M. only once; and, at a hearing below, she could recall that visit only through prompting by her attorney. She has not provided him with any support.
Although criminal conviction and incarceration do not always compel termination of parental rights, serving time as a convicted felon will support a termination of parental rights when adequate aggravating circumstances are shown to existsuch as failure to comply with goals for family *337 reunification or failure to provide parental care and support. [Cit.][3]
Evidence also was presented showing that she has two other children, ages six and eight; that she placed them in an orphanage because of her inability to care for them; that they are now in the custody of their biological father; and that DFACS intends to seek termination of her parental rights to these children.
2. The evidence supports the court's finding that the cause of deprivation is likely to continue, as evidence of past conduct may be considered in determining whether the deprivation would be likely to continue.[4] "Patterns persist absent concerted adjustment, which is virtually nonexistent."[5]
3. The evidence is sufficient to authorize a finding that continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to P.O.M. and that termination of his mother's parental rights would be in his best interest.
Testimony given by the paternal aunt shows that P.O.M. is now thriving in a stable home environment. Given that, as well as evidence of his mother's past behavior and her failure to comply with any requirements of the reunification plan, the court was authorized to find that P.O.M.'s continued deprivation would have a detrimental effect on him and that his mother's parental rights should therefore be terminated. "`[T]he [superior] court was authorized to consider the [child's] need for a stable home situation....' `Children need permanence of home and emotional stability or they are likely to suffer serious emotional problems.'"[6]
Judgment affirmed.
ANDREWS, P.J., and MIKELL, J., concur.
NOTES
[1] (Footnotes omitted.) In the Interest of A.M.W., 249 Ga.App. 22, 547 S.E.2d 401 (2001).
[2] (Footnote omitted.) In the Interest of T.F., 250 Ga.App. 96, 98(1), 550 S.E.2d 473 (2001).
[3] In the Interest of R.H., 240 Ga.App. 551, 553(2), 524 S.E.2d 257 (1999).
[4] In the Interest of B.C., 235 Ga.App. 152, 155, 508 S.E.2d 774 (1998).
[5] Id.
[6] (Footnotes omitted.) In the Interest of N.M.H., 252 Ga.App. 353, 358, 556 S.E.2d 454 (2001).