A08A1993. IN THE INTEREST OF J. S., a child.
(673 SE2d 331)

DOYLE, Judge.

The mother of J. S. challenges the sufficiency of the evidence supporting an order from the Gwinnett County Juvenile Court finding her child deprived under OCGA § 15-11-2 (8) (A). Because the juvenile court's ruling was supported by clear and convincing evidence of deprivation, we affirm.

> We review a trial court's finding of deprivation in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the

---

trial court's fact-finding and affirm unless the appellate standard is not met.[1]

So viewed, the record shows that in May 2007, J. S.'s mother and father separated when J. S.'s mother moved herself and J. S. to a shelter after alleging that the father abused the mother. The mother was granted a temporary protective order and awarded primary physical custody of J. S., and the father was awarded visitation. The father, who worked as a nurse, paid child support payments of $676 per month.

In September 2007, the mother reported to a shelter worker and subsequently to a social worker with the Department of Family and Children Services (DFACS) that a twelve-year-old boy in the shelter had inappropriate sexual contact with J. S., then three years old. J. S. was taken to a child advocate center for a forensic interview, and the allegation was ultimately determined to be unsubstantiated based on interviews with J. S., the boy, the mothers, and the shelter workers. Nevertheless, the 12-year-old boy was removed from J. S.'s shelter environment.

In October 2007, after a contempt hearing at which the mother was ordered to resume visitation she allegedly withheld, the mother reported to police that J. S. told her that her father had sexually abused her. DFACS intervened that night, and a physical examination was performed on J. S. at a medical clinic, her underwear was tested at a lab for male DNA, and another forensic interview was conducted. None of these investigations substantiated the allegation, and J. S. was provided with counseling sessions.

In November 2007, after the father filed for divorce, the mother again took J. S. to a clinic for an evaluation of sexual abuse, alleging that J. S. told her the father had molested her. A forensic interview by a social worker and a physical examination revealed no evidence to confirm the claim. The mother took J. S. for physical examinations three additional times over one weekend in November, with each examination finding no abuse. Shortly thereafter, during a criminal investigation of the mother's allegedly false reports, DFACS petitioned the juvenile court for a temporary protective order finding J. S. deprived. Following an evidentiary hearing, the juvenile court issued an emergency protective order placing the child in the custody of the father and finding probable cause that the child was deprived.[2] In January 2007, following a second evidentiary hearing, the juvenile

---

[1] (Punctuation omitted.) *In the Interest of B. M. B.*, 241 Ga. App. 609 (527 SE2d 250) (1999).

[2] The father had established regular arrangements for preschool and daycare while he worked.

court found J. S. to be deprived based on the mother's repeated unsubstantiated allegations of abuse. The deprivation order awarded custody of J. S. to the father and established a reunification plan requiring supervised visitation by the mother, counseling for the mother, and that the mother obtain stable housing and employment. The juvenile court also issued a protective order forbidding any harassment of the child and ordering both parents to use their best efforts to promote the child's welfare and development.

The mother now challenges the evidence supporting the juvenile court's finding of deprivation. Because the record before us would authorize a rational trier of fact to find clear and convincing evidence in support of a finding of deprivation, we affirm.

OCGA § 15-11-2 (8) (A) defines a deprived child as one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." Relevant to a juvenile court's deprivation determination is "[e]gregious conduct . . . of the parent toward the child . . . of a physically, emotionally, or sexually cruel or abusive nature." OCGA § 15-11-94 (b) (4) (B) (iv).

Here, the evidence showed that the mother continued to make claims of sexual abuse that were investigated on multiple occasions in clinical settings by health care providers and by trained forensic interviewers. No medical evidence of abuse was found to substantiate the allegations. One social worker who was part of an investigation testified that she found it unlikely that J. S. had been molested by both the twelve-year-old boy at the shelter and the father in the same one-month period of time. Another social worker testified that she did not believe J. S. was at risk with the father. The guardian ad litem, who was present during both evidentiary hearings, also recommended that J. S. be found deprived.

Evidence of a parent's repeated unfounded investigations of sexual abuse has been held to be an appropriate factor in a finding of deprivation.[3] Although the mother disputed the court's conclusions (and the father's continued denials of abuse) and offered hearsay evidence that one therapist had found J. S.'s allegations credible, "[o]n appeal, this Court neither weighs the evidence nor determines the credibility of witnesses; rather, it defers to the trial court's factfinding and affirms unless the appellate standard has not been met."[4]

---

[3] See *In the Interest of M. E.*, 265 Ga. App. 412, 416-417 (1) (593 SE2d 924) (2004).

[4] (Punctuation omitted.) Id. at 417 (1). See *In the Interest of L. F.*, 275 Ga. App. 247, 250-251 (620 SE2d 476) (2005) ("[i]t is the province of the juvenile court to weigh the evidence and determine its credibility. The trial court exercises its discretion in issuing its ruling, and

Moreover, at the time of the deprivation hearing, the mother testified that she lacked stable housing and employment. The mother, a Jamaican citizen, explained that her visa had expired and while she was awaiting action on her application for an extension, she was unable to find work.[5] At the January 2008 deprivation hearing, the mother lacked housing other than the family shelters she had lived in since May 2007, and for income she relied exclusively on child support payments from the father and financial assistance from her family. Lack of stable housing and lack of support due to a parent's unstable or irregular employment are appropriate factors in determining deprivation.[6]

We recognize the gravity of any intervention by the State into the parent-child relationship, and we do not lightly undertake our duty to examine the sufficiency of the evidence supporting a finding of deprivation. Nevertheless, this case turns largely on critical factual issues, including determining witness credibility, that can only be resolved by the factfinder who properly weighs the evidence and who has the benefit of observing live witness testimony. We are mindful of the appellate standard of review which confines us only to determining whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. Accordingly, based on the record before us, including the evidence of the mother's multiple unconfirmed allegations of sexual abuse (and the repeated physical examinations) and the mother's lack of employment and stable housing, we hold that the evidence authorized the juvenile court's finding of deprivation here.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009.

*Lisa Young Smith West*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, John P. Cheeley*, for appellee.

---

this Court defers to the factfinder unless the appellate standard has not been met") (citation omitted).

[5] The father, also from Jamaica, is a naturalized United States citizen.

[6] See *In the Interest of A. G.*, 293 Ga. App. 383, 385-386 (1) (667 SE2d 176) (2008) (listing mother's lack of stable housing, employment, and income as factors in determining deprivation); *In the Interest of L. F.*, 275 Ga. App. at 250 (inadequate housing and lack of support due to unstable employment among factors justifying finding of deprivation).