696 S.E.2d 504 (2010)
In the Interest of S.L. et al., children.
No. A10A1219.
Court of Appeals of Georgia.
June 24, 2010.
*505 William H. Newton III, Miami, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, William A. O'Dell, Kathryn A. Fox, Assistant Attorneys General, for appellee.
JOHNSON, Judge.
The father of S.L., a 17-year-old girl, and A.L., a 15-year-old boy, appeals from a juvenile court order finding the children to be deprived. He claims that there is insufficient evidence to support the juvenile court's finding of deprivation. The claim is without merit, and we thus affirm the judgment of the juvenile court.
On appeal from a juvenile court's order finding deprivation, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. In doing so, we neither weigh the evidence nor determine the credibility of witnesses; instead, we defer to the trial court's factfinding and affirm unless the appellate standard is not met.[1]
Viewed in the light most favorable to the judgment, the evidence shows that the father abuses alcohol daily. His excessive alcohol consumption impairs his judgment, causes him to become angry and leads to physical abuse of the children, including hitting, twisting their arms, pulling their hair and spitting on them. The father has not had stable employment, and family bills have been paid through government assistance and with income from S.L.'s part-time job. The father took the children out of the public school system, purportedly homeschooling A.L., who has fallen a year behind in his education.
*506 On the night of July 16, 2009, S.L. reported that her father had been drinking and had beaten her up. She testified that he grabbed her by the throat, pulled her outside the house by her hair and almost knocked her unconscious. She ran barefoot to her youth pastors' home, and they called the police. After the father refused to open the door to his house, a police SWAT team forcefully entered the residence and arrested him. The children were removed from the father's custody, and a restraining order was issued against him. A psychologist who has treated both children testified that it would not be appropriate for them to return to the father's home.
A deprived child is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals."[2] "Relevant to a juvenile court's deprivation determination is egregious conduct of the parent toward the child of a physically, emotionally ... or abusive nature."[3] Moreover, excessive use of intoxicating liquors,[4] as well as "unstable or irregular employment are appropriate factors in determining deprivation."[5] In this case, the evidence that the father has abused alcohol, has physically abused the children, and does not have stable employment is sufficient to support the juvenile court's finding that the children are deprived.
Judgment affirmed.
MILLER, C.J., and PHIPPS, P.J., concur.
NOTES
[1] (Citations and punctuation omitted.) In the Interest of H.S., 285 Ga.App. 839, 648 S.E.2d 143 (2007).
[2] OCGA § 15-11-2(8)(A).
[3] (Citation and punctuation omitted.) In the Interest of J.S., 295 Ga.App. 861, 863, 673 S.E.2d 331 (2009).
[4] See In the Interest of C.R., 292 Ga.App. 346, 350(1)(a), 665 S.E.2d 39 (2008).
[5] In the Interest of J.S., supra at 864, 673 S.E.2d 331.