**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A0305. IN THE INTEREST OF D. S., a child.          DO-014

DOYLE, Presiding Judge.

The mother of D. S. appeals from an order of the Juvenile Court of Douglas County finding D. S. to be deprived, arguing that there was insufficient evidence to support the deprivation determination or to establish that venue was proper in Douglas County. We affirm, for the reasons that follow.

When reviewing a juvenile court's finding of deprivation, this Court views the evidence

> in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we

defer to the trial court's fact-finding and affirm unless the appellate standard is not met.[1]

So viewed, the record shows that the mother participated in the Douglas County Family Drug Treatment Program from July 2008 through July 2009. In February 2010, the mother was enrolled in a different drug program in Paulding County, after which she left and resided in Powder Springs. In May 2010, the mother entered a transitional shelter in Douglas County, where she remained until mid-June 2010, when she left and returned to the Powder Springs address. In August 2010, the mother voluntarily placed her four children, including six-year-old D. S., in foster care through Bethany Christian Ministries ("BCM"), but she retained legal custody of the children at that time. BCM placed D. S. in a foster home in Paulding County.

In November 2010, the Douglas County Juvenile Court placed D. S. in the custody of the Department of Family and Children Services ("DFCS") because the father was incarcerated and the mother had not had contact with DFCS in approximately one month. The juvenile court noted in the order that DFCS had provided "exhaustive services" to the mother and father, including substance abuse

---

[1] (Punctuation omitted.) *In the Interest of B. M. B.*, 241 Ga. App. 609 (527 SE2d 250) (1999).

2

counseling and parenting counseling. On December 6, 2010, DFCS filed a deprivation petition in Douglas County. On January 14, 2011, the mother filed a motion to dismiss on the ground that venue was not proper in Douglas County. Following a hearing, the juvenile court denied the motion to dismiss and entered an order finding D. S. to be deprived. This appeal followed.

1. The mother argues that there was insufficient evidence to support the juvenile court's finding that D. S. was deprived because she exercised proper parental care and control by placing him in foster care. We disagree.

Under OCGA § 15-11-2 (8) (A), a deprived child is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." "'This definition focuses upon the needs of the child regardless of parental fault. The deprivation petition is brought on behalf of the child[,] and it is the child's welfare and not who is responsible for the conditions which amount to deprivation that is the issue.'"[2] "Where children have been removed from parental custody,

---

[2] *In the Interest of B. B.*, 267 Ga. App. 360, 362 (1) (599 SE2d 304) (2004).

[DFCS] may prove current deprivation by showing that, if the child [was] returned to the parent[] at the time of the hearing, [he] would be deprived."[3]

In the instant case, DFCS presented evidence that after the mother left the transitional shelter in June 2010, she lived with her grandmother. The mother conceded, however, she did "not get along" with her grandmother, and as a result, the mother left and went to live with friends at various times. The mother has been unemployed since February or March of 2010, and she relies on her parents for transportation. Although she was supposed to enter the Job Corp, the mother failed to do so because she "didn't have everything lined up to emotionally be able to do that." The mother did not have contact with D. S. for several weeks while he was in the foster home because "[she] emotionally couldn't do it."

Relying on *In the Interest of C. C.*,[4] the mother argues that D. S. was not without adequate proper parental care or control because she voluntarily placed him in foster care. Her reliance is misplaced. In *C. C.*, we reversed the juvenile court's finding that the child was deprived because the mother voluntarily and temporarily

---

[3] (Punctuation omitted.) *In the Interest of T. V.*, 302 Ga. App. 124, 127 (1) (690 SE2d 457) (2010).

[4] 249 Ga. App. 101 (547 SE2d 738) (2001).

placed her in foster care, during which time the mother underwent mental health treatment.[5] The mother also obtained employment, continued to see a therapist, and took medicine for her mental health problems, which the trial court found were not an impediment to proper parenting.[6] *C. C.* is, therefore, distinguishable.

In this case, the mother did voluntarily place D. S. in foster care. She has, however, failed to obtain stable housing or a job, and she relies on others for transportation. Moreover, she has failed to maintain meaningful contact with D. S., admitting that she was emotionally unable to do so. "'Lack of stable housing and lack of support due to a parent's unstable or irregular employment are appropriate factors in determining deprivation.'"[7] Thus, we conclude that the evidence supported the juvenile court's order finding D. S. to be deprived.[8]

2. The mother also contends that venue was not proper in Douglas County. This enumeration is without merit.

---

[5] See id. at 102-103.

[6] See id.

[7] *T. V.*, 302 Ga. App. at 127 (1).

[8] See id; *B. B.*, 267 Ga. App. at 361 (1).

OCGA § 15-11-29 (a) provides that a juvenile proceeding may be commenced in the county in which the child resides or if deprivation is alleged, the proceeding may be brought in the county in which the child is present when it is commenced. Moreover, as to venue, it may be presumed as a matter of law, subject to rebuttal, that a child placed in the custody of a county department of family and children services thereafter assumes the residence of that county department.[9]

Here, Douglas County DFCS was involved with this family for some time. The mother lived in a shelter in Douglas County in May and June of 2010, and when she left the shelter, she had no stable address, instead alternating between living with her grandmother and various friends. At the time the deprivation petition was filed, D. S. was in the custody of Douglas County DFCS, where he remained through the entry of the deprivation order. This constitutes sufficient evidence that venue was proper in Douglas County.[10]

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[9] (Punctuation omitted.) *In the Interest of R. B.*, 309 Ga. App. 407, 413 (2) (710 SE2d 611) (2011).

[10] See id; *In the Interest of A. J. M.*, 277 Ga. App. 646, 648 (2) (627 SE2d 399) (2006); *In the Interest of A. M. C.*, 213 Ga. App. 897, 898 (446 SE2d 760) (1994).