**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A1158. IN THE INTEREST OF H. B., R. B. and D. G., children.

MCFADDEN, Judge.

The mother of H. B., R. B. and D. G. appeals from a juvenile court order finding the children to be deprived. Because there is not clear and convincing evidence of deprivation, we reverse.

On appeal from a juvenile court order finding deprivation, we review the evidence from the juvenile court hearing in the light most favorable to the court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the children were deprived. *In the Interest of D. W.*, 318 Ga. App. 725 (734 SE2d 543) (2012). We do not weigh the evidence or determine the credibility of witnesses, and instead defer to the juvenile court's findings of fact and

affirm unless the appellate standard is not met. *In the Interest of B. M. B.*, 241 Ga. App. 609 (527 SE2d 250) (1999).

So viewed, the evidence presented at the hearing in this case showed that in September 2010 and May 2012, the Department of Family and Children Services investigated allegations of lack of supervision by the mother. In both instances, the department found no mistreatment of the children and the cases were closed. In October 2012, the department investigated an alleged incident of domestic violence between the mother and her boyfriend. The incident began when the mother found the boyfriend asleep and intoxicated on her couch, and she told him to get out of the house. During the argument, the boyfriend hit the mother several times, pulled her hair and threw a concrete block through the back door, breaking a window. The boyfriend fled from the house, and the mother called the police, who later found and arrested the boyfriend. The children were at home during the incident and either saw or heard the alleged altercation. According to a police officer who briefly spoke to the children that day, they were "shook up" from what had taken place. After the boyfriend had been released from custody on bond, a department caseworker investigating the incident visited the home and found the boyfriend there by himself. His bond was later revoked, but he was eventually released again from custody. The

2

mother, on advice of her attorney, refused to sign a safety plan prepared by the department.

After the hearing, the juvenile court issued its order finding that the children are deprived "in that they are without proper parental care or control, subsistence, education as required by law or other care or control necessary for their physical, mental, or emotional or moral well being." The court entered a temporary custody disposition, ordering that H. B. and R. B. remain with the mother's former husband, and that D. G. be placed with the paternal grandmother. The mother filed this appeal.

1. *Insufficient evidence of deprivation or parental unfitness.*

The mother asserts that the juvenile court erred in finding that the children are deprived and that she is an unfit parent. We agree.

> Pursuant to OCGA § 15-11-2 (8)(A), a deprived child is one who is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals. But a finding that a child is deprived does not necessarily result in a loss of custody by the parent. It has been held that to authorize even a loss of temporary custody by a child's parent on the basis of deprivation, the deprivation must be shown to have resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child. Furthermore, proof of unfitness must be shown by clear and convincing evidence as this standard recognizes the importance of the familial bond and helps eliminate the

3

risk that a factfinder might base his determination on a few isolated instances of unusual conduct or idiosyncratic behavior. It follows that only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship.

*In the Interest of H. S.*, 285 Ga. App. 839, 841 (648 SE2d 143) (2007) (citations and punctuation omitted).

In this case, the evidence presented at the hearing showed only the single incident of domestic violence during which the mother was the victim of a physical attack by her boyfriend. There was no evidence of any other incidents of violence between the mother and boyfriend, nor was there evidence of any domestic violence directed toward the children. The department offered no evidence that the children suffered any emotional or physical harm from the incident, other than the police officer's testimony that the children were "shook up" on the day of the incident. Moreover, the department case worker testified that there was no evidence that the children were not being provided with adequate food, shelter and education as required by law.

The instant case is similar to and controlled by our recent decision in *In the Interest of S. M.*, ___ Ga. App. ___ (743 SE2d 497) (2013), reversing a juvenile court finding of deprivation based on a single incident of domestic violence. In that case,

the record demonstrate[d] only a single, albeit highly inappropriate incident in which two of the children observed the boyfriend pull a gun on the mother and believed that they heard a gunshot. . . . Other than evidence that [the children] were understandably upset that morning at school, the [department] provided no evidence that the children suffered any emotional or physical harm from the incident or that it had any other effect on them. Although some evidence existed . . . that the boyfriend had been angry and intoxicated on prior occasions, the [department] presented no evidence of any other instances of physical abuse between the boyfriend and the mother. Notably, the [department] presented absolutely no evidence of any physical, emotional or mental abuse of the children.

Id. at ___ (citations omitted).

The department argues that it was not the mother's status as a victim of domestic violence that caused the children's deprivation, but that it was her failure thereafter to protect them by not "meeting with the [d]epartment's personnel and instead allow[ing] her abuser to return to her home." The arguments are unpersuasive. As acknowledged by the department case worker at the hearing, the mother was under no obligation to meet with the department and sign their proposed safety plan. With regard to allowing the boyfriend to return to her home, the evidence showed only that he was at the home on one occasion after the incident, and that neither the mother nor the children were there at the time. As the case worker testified, on that occasion the children were not at any risk from him because "[t]hey weren't there." There simply

5

is no evidence to support the department's allegation that the mother has failed to protect her children.

"Moreover, even if the evidence was sufficient to show that the child[ren were] in some way deprived, it was wholly insufficient to establish that the mother was unfit." *In the Interest of D. S.*, 283 Ga. App. 767, 770 (642 SE2d 431) (2007) (citation and punctuation omitted). In the one instance of domestic violence witnessed by the children, the evidence shows that the mother immediately contacted the police to report the incident. And as recited above, there is no evidence that the mother is not providing adequate food, shelter and education to the children.

Accordingly, "even viewing the record in the light most favorable to the [juvenile] court's finding of deprivation and acknowledging the serious nature of the [lone] incident at issue, we find that the record in this case lacks clear and convincing evidence to support the [juvenile] court's finding that the [children] were deprived within the meaning of the law." In the Interest of S. M., supra at ___. See also *In the Interest of H. S.*, supra at 842-843 (reversing deprivation finding where child witnessed one incident of domestic violence between mother and father during which the father grabbed child's arm and father had previously hit child on the head); *In the Interest of C. L. Z.*, 283 Ga. App. 247, 249 (641 SE2d 243) (2007) (reversing

6

deprivation finding where evidence "did not show that this was anything other than an isolated . . . outburst").

2. *Remaining enumerations.*

Because of our holding above in Division 1, we need not reach the appellant mother's remaining enumerations of error.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*